By tiie Court:
General words, following particular words must, as a general rule, be confined to things of the same kind as those specified. Shultz v. Cambridge, 38 Ohio St., 659. But this is a rule which is designed to be used in aid of the interpretation of a statute, and ought not to be so used as to limit or defeat the legislative intent. The things specified in section 6835 of the Revised Statutes are not in any respect “things of the same kind,” except that they are all buildings: so that the effect of the amendment to the section (82 O. L., 161), by adding the words “or any other building,” is to extend the crime of burglary to any building whatever. This indictment with appropriate averments as to time, place and intent, charges that the burglary was committed by breaking and entering “a certain building, to-wit, a certain store room then and there situate, the property of one J. M. Durkin.” This designates the building with sufficient certainty, whether the store room is the whole or only a part of the building; for breaking into such a room is necessarily breaking into the building of which it is a part. The case of Hagar v. The State, 35 Ohio St., 268, does not apply since the amendment of the statute. Exceptions sustained.
Minshauu, O J., Wiuuiams, Burket, Spear, Davis and Shauck, JJ., concur.